IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FREDRICO R. PORTER,

                               Petitioner,

      v.

UNITED STATES OF AMERICA,
Attorney General ERIC HOLDER,
ALCOHOL TOBACCO & FIREARMS (ATF)
AGENCY, MICHIGAN STATE POLICE,
SMITH & WESSON CORPORATION,
WARDEN HOLINKA,

                               Respondents.

ORDER

09-cv-505-slc

---

Petitioner, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has not paid the $5 filing fee or submitted a certified copy of his six-month trust fund account statement. I can construe his petition to include a request for leave to proceed *in forma pauperis*, but I cannot determine whether petitioner is indigent for the purpose of filing a § 2241 petition until he submits a trust fund account statement for the six-month period immediately preceding the filing of his habeas corpus petition. Longbehn v. United States, 169 F.3d 1082 (7th Cir. 1999). Petitioner's trust fund account statement should cover the six-month period beginning approximately February 10, 2009 and ending approximately August 11, 2009.

Once petitioner submits his trust fund account statement, this court will calculate petitioner's average monthly deposits and his average monthly balances for the six-month period mentioned above. If 20% of the greater of these two figures is $5 or more, he will not be eligible

for indigent status and will have to prepay all of the $5 filing fee. If 20% of the greater of these two figures is less than $5, he will be required to prepay whatever portion less than $5 has been calculated.

Now that petitioner is aware of the formula this court uses in determining whether a prisoner is indigent for the purpose of paying a $5 filing fee, he may be able to figure easily whether he qualifies. If he knows that he will not qualify for indigent status, he may elect to submit a check or money order made payable to the clerk of court in the amount of $5 in lieu of the six-month statement requested above. In any event, petitioner should act quickly. If, by September 9, 2009, petitioner does not submit either the $5 payment or a trust fund account statement for the last six months, I will assume that he wishes to withdraw this action voluntarily and I will dismiss the petition without prejudice to his filing his case at a later date. Petitioner should show a copy of this order to prison officials so that they are aware they should send either the $5 filing fee or the required trust fund account statement to this court.

ORDER

IT IS ORDERED that petitioner may have until September 9, 2009, in which to submit a trust fund account statement for the period beginning approximately February 10, 2009 and ending approximately August 11, 2009. Alternatively, petitioner may have until September 9, 2009, in which to pay the $5 fee for filing his petition. If, by September 9, 2009, petitioner does not pay the filing fee or submit the required trust fund account statement, the clerk of court

is directed to close this case for petitioner's failure to prosecute.

Entered this 18th day of August, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge