IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDRICO PORTER,

                                                                                ORDER

                Petitioner,

                                                              09-cv-505-slc

     v.

UNITED STATE OF AMERICA, ERIC HOLDER,
ALCOHOL TOBACCO & FIREARMS (ATF),
MICHIGAN STATE POLICE, SMITH & WESSON
CORPORATION and WARDEN HOLINKA,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Fredrico Porter has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and has paid the $5 filing fee. The petition is divided into four "grounds." Although the petition is difficult to understand, at least one of the "grounds" seems to be a challenge to the validity of his conviction for possession of a firearm by a felon and the other "grounds" are challenges to his conditions of confinement. For example, petitioner alleges that government officials have tampered with his mail, assaulted him and destroyed his property.

Petitioner may not proceed with any of these claims at this time. First, claims under

28 U.S.C. § 2241 are limited to challenges to a prisoner's custody. In other words, a case may be brought under the habeas statutes only in instances in which "victory in [the] litigation [will] entitle [the petitioner] to [a] change in the duration or . . . the location of his confinement." Richmond v. Scibana, 387 F.3d 602 (7th Cir. 2004). Petitioner's claims regarding his treatment in prison do not fall into this category.

Petitioner's challenge to his conviction faces different problems. First, a prisoner's custodian is the only proper respondent in a petition under § 2241, al- Marri v. Rumsfeld, 360 F .3d 707, 712 (7th Cir. 2004), which means that all the respondents in this case must be dismissed, with the exception of respondent Holinka. (Holinka is the warden of the Federal Correctional Institution in Oxford, Wisconsin, where petitioner is incarcerated.)

Second, a federal prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255, except in limited circumstances. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). Relief under § 2241 is available only when a motion under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255(e), which means that "a structural problem in § 2255 forecloses even one round of effective collateral review" and "the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002). Further, a prisoner may not show that a motion under § 2255 is "ineffective" simply because that remedy is no longer available, either because the deadline for filing such a motion has passed

2

or the prisoner has filed a previous motion under § 2255 and cannot satisfy the requirements for filing a second motion under § 2255(h). Unthank v. Jett, 549 F.3d 534, 535-36 (7th Cir. 2008) (rejecting argument that "whenever § 2255(h) closes the door to a renewed challenge under § 2255, then § 2255(e) must open the door to a challenge under § 2241"); Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by making his section 2255 remedy inadequate.")

Although the form petitioner used to prepare his petition contains a warning that a petition under § 2241 will not be considered by the court "unless it appears that the remedy by the § 2255 motion is inadequate," petitioner fails to say anything about whether a motion under § 2255 would be inadequate to challenge his conviction and that his claims are ones of actual innocence. Instead, petitioner wrote over the reference to § 2255 contained in the above quotation, changing it to § 2241. Petitioner may not avoid legal requirements simply by altering a form. Accordingly, I will give petitioner an opportunity to correct this defect in his petition. If he fails to do so, his petition will be dismissed.

ORDER

IT IS ORDERED that

1. Petitioner Fredrico Porter's petition under 28 U.S.C. § 2241 is DISMISSED with respect to his claims challenging his conditions of confinement.

2. The petition is DISMISSED with respect to respondents United States of America, Eric Holder, Alcohol Tobacco & Firearms (ATF), Michigan State Police and Smith & Wesson Corporation.

3. Petitioner may have until September 15, 2009, to file a supplement to his petition in which he explains why a motion under 28 U.S.C. § 2255 would be "inadequate or ineffective to test the legality of [petitioner's] detention." If petitioner fails to respond by September 15, I will deny the petition for petitioner's failure to show that he is in custody in violation of federal law.

Entered this 31st day of August, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4