IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDRICO PORTER,

                                                                                                                                          ORDER

                  Petitioner,

                                                                                                                   09-cv-505-slc

    v.

WARDEN HOLINKA,

                  Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Under 28 U.S.C. § 2255(e), a federal prisoner may not challenge his conviction in a petition for a writ of habeas corpus under 28 U.S.C. §2241 unless § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention." A prisoner satisfies this standard if he shows that "a structural problem in § 2255 forecloses even one round of round of effective collateral review" and "the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314 F.2d 832, 835 (7th Cir. 2002).

       Petitioner is a federal prisoner at the Federal Correctional Institution in Oxford, Wisconsin. He has responded to this court's order directing him to show that his challenge to his conviction under § 2241 complies with § 2255(e). Unfortunately for petitioner, nothing in his supplement suggests that a structural problem in § 2255 prohibited him from

1

seeking relief under that statute *or* that his claim is one of actual innocence.

Petitioner's supplement is not easy to follow, but the bulk of it seems to be devoted to a discussion of the substance of his claim, which is that a sentencing enhancement he received under the guidelines "was based on fraud upon the court." However, a claim that a "sentence is too high" is not a claim of innocence, Unthank v. Jett, 549 F.3d 534, 536 (7th Cir. 2008), except perhaps when the petitioner is claiming "innocence" of a status under a statute that requires a sentence enhancement. In re Davenport, 147 F.3d 605, 609-10 (7th Cir. 1998). Petitioner's only claim seems to be that he should not have received an enhancement under the guidelines, so Unthank rather than Davenport applies.

Petitioner's only argument that § 2255 is inadequate is that this court would not have jurisdiction over a motion under § 2255 because he was sentenced in another district. Petitioner is correct that prisoners must file § 2255 motions in the district where they were sentenced, 28 U.S.C. § 2255(a), but that does not mean § 2255 is inadequate; it means only that petitioner may not file a § 2255 motion in Wisconsin.

Because petitioner has failed to show that § 2255 is inadequate or ineffective to test the legality of his detention, his petition for a writ of habeas corpus must be denied.

ORDER

IT IS ORDERED that the petition for a writ of habeas corpus filed by Fredrico Porter

is DENIED for petitioner's failure to comply with 28 U.S.C. § 2255(e).

Entered this 17th day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge